REVERSE and RENDER; Opinion issued February 6, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-09-00121-CV

## IN THE INTEREST OF C.H.C., A CHILD

On Appeal from the 302nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-98-15998

## OPINION ON MOTION FOR REHEARING

Before Justices O'Neill, Lang-Miers, and Richter[1]
Opinion By Justice O'Neill

Before this Court is appellant's motion for rehearing in which she disagrees with this Court's determination that the expiration of her court-ordered community supervision renders the contempt order moot.[2] She also encourages this Court, despite well-settled case law, to consider the merits of her contempt claim because of the "unique circumstances and peculiar procedural history of this case." We deny appellant's motion. On our own motion, we withdraw our July 16, 2012 opinion and vacate the judgment of that date. This is now the opinion of the Court.

In this appeal, Mother challenges the trial court's December 10, 2008 modification order in which the court reduced Father's child support obligation and modified his summer visitation.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

[2] In our original opinion, we concluded we did not have jurisdiction to review her contempt order by a direct appeal, and in the alternative, that because the contempt order was no longer in effect, it was moot.

Mother also appeals a contempt order issued by the trial court against her. We affirm in part and reverse and render in part, the trial court's December 10, 2008 order. We dismiss for want of jurisdiction the trial court's December 4, 2008 contempt order.

Because this dispute has a long history, which is well-documented and well-known to the parties, a factual background is unnecessary. We shall only include those facts relevant to disposition of the issues raised on appeal. TEX. R. APP. P. 47.1.

## Modification of 2004 SAPCR Order

In September of 1998, Mother filed an original petition for voluntary paternity of C.H.C. Through genetic testing, Father was determined to be C.H.C.'s biological father. Mother and Father have never been married. Since the determination of Father's paternity, the parties have engaged in hundreds of filings in the court regarding issues of custody, possession, and enforcement of the trial court's orders.

In 2007, Mother filed a petition to modify the 2004 SAPCR order and a motion for enforcement of the order citing numerous violations by Father. For various reasons, the hearings on the motions were continued on more than one occasion. In the interim, Father filed his own petition to modify and motion for enforcement against Mother. The trial court held a hearing on September 9, 2008 in which it heard testimony from both parties.

Father argued his $1200 a month in child support should be reduced because his income since 2004 had "substantially" decreased. He owned an engineering survey firm, and business was good until the housing crash and developers stopped building as many subdivisions. He testified he was living off savings and trying to branch off into the counter-top business. The trial court determined a material and substantial change had occurred since 2004 and reduced his payment to $966.84.

In her first issue, Mother argues the trial court abused its discretion in finding a material and substantial change in Father's circumstances because the evidence is insufficient to support the modification. Family code section 156.401 authorizes modification of a child support order if the circumstances of the child or a person affected by the order have materially and substantially changed since the date the order was rendered. TEX. FAM.CODE ANN. §§ 156.401(a) (West 2008). To determine whether a child support modification is warranted, the court must compare the financial circumstances of the affected party at the time the order was entered with his circumstances at the time the modification is sought. *Hammond v. Hammond*, 898 S.W.2d 406, 407–08 (Tex. App.—Fort Worth 1995, no writ). Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. *London v. London*, 94 S.W.3d 139, 145 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The person seeking the modification has the burden of establishing a material and substantial change. *Hodson v. Keiser*, 81 S.W.3d 363, 368 (Tex. App.—El Paso 2002, no pet.).

On finding the requisite change, a trial court is given broad discretion in whether to modify support and the amount of support required. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). Absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Id.* at 577–78.

Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *In re C.N.G.V.*, 07–05–0058–CV, 2006 WL 1587134, at *2 (Tex. App.—Amarillo June 9, 2006, no pet.) (mem. op., not designated for publication). Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *Id.*

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *Baker v. Baker*, 719 S.W.2d 672, 674 (Tex. App.—Fort Worth 1986, no writ). The trial court's findings of fact are reviewable for factual and legal sufficiency of the evidence by the same standards as applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Id.*

Based on the record before us, Father failed to carry his burden of establishing a material and substantial change to support modification of the 2004 SAPCR order. In his motion to modify, Father failed to plead any facts identifying specific circumstances requiring a modification. Moreover, at the hearing, Father testified generally that when the trial court set child support in 2004, "business was good," "the economy was good and balanced and the engineering survey firm was doing well." He further stated, "I was making a good amount of money, and the Judge set it at the maximum amount." However, the record does not contain any evidence of how much money Father was making in 2004 or the evidence upon which the trial court calculated the $1200 support payment.

Moreover, Father provided only general estimates of his income in 2008 and that he was making substantially less. He testified, "I don't know, really, what the actual individual income is for 2008." When asked by his attorney to provide a ballpark figure, he said, "probably just maybe $3000 a month." He later guessed he averaged "maybe $4,000 or $5,000" in the first six months of 2008.

The only document entered into evidence was an unsigned, unfiled copy of Father's 2007 income tax return. This showed his adjusted gross income as $77, 382. The trial court apparently used this figure to recalculate and reduce Father's child support payment.

Without more specific testimony from Father explaining the "good amount of money" he was making at the time of the 2004 order, we are unable to make the requisite comparison to determine

whether there was a substantial and material change in Father's circumstances. *See Hammond*, 898 S.W.2d at 408 (holding evidence insufficient to support material and substantial change in financial circumstances warranting modification of child support when father testified he had a "high paying job" at the time of the divorce); *State v. Hernandez*, 802 S.W.2d 894, 896 (Tex. App.—San Antonio 1991, no writ) (without testimony establishing how much more money father was making at the time of divorce, there was no more than a mere scintilla of evidence that circumstances had substantially and materially changed); *Baker*, 719 S.W.2d at 677 (bare assertion by mother that she was making less money, without some testimony as to how much she was making, is no more than a scintilla of evidence that her circumstances had changed). As such, we agree with Mother that the evidence is legally insufficient to support the trial court's finding and conclusion that a material and substantial change in Father's circumstances has occurred since the 2004 order. By reducing Father's child support obligations, the trial court abused its discretion. We sustain Mother's first issue.

We now turn to whether the record supports a change in circumstances for the modification of Father's summer visitation schedule. Texas Family Code section 156.101 specifies the exclusive grounds upon which the trial court may modify an order that provides for the possession of or access to a child. TEX. FAM. CODE ANN. 156.101 (West Supp.2011). The section provides, in relevant part, that the court may modify possession of or access to the child when it is in the child's best interest and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order. *Id.* Thus, like section 156.401, the requisite showing of materially and substantially changed circumstances under section 156.101 requires the trial court to examine and compare the circumstances of the parents and minor child at the time of the initial order with the circumstances existing at the time modification is sought. *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.); *see also In re A.L.E.*, 279 S.W.3d

424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that as a threshold matter, the moving party must show a material and substantial change in circumstance; otherwise, the petition must be denied).

Here, the trial court failed to make any explicit findings of fact or conclusions of law regarding a material and substantial change in circumstances warranting modification of summer possession. Rather, the court only found and concluded that modification was in C.H.C.'s best interest.

An omitted finding will be implied only if it is supported by evidence. TEX. R. CIV. P. 299 (noting that "omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment"); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (unchallenged findings of fact are not binding on this Court if the contrary is established as a matter of law or there is no evidence to support the finding). Based on this record, we cannot conclude the omitted finding is supported by evidence.

During the hearing, Father testified he wanted to modify the 2004 SAPCR order to gain more time with C.H.C. in the summer because "when the orders were typed up it took away–it took away a lot of my time for the summer." The 2004 order provided him with two weeks in June, two weeks in July, and a few days in August. He asked the court for a full thirty-day election and the first, third, and fifth weekends of each month. When asked how the change would be better for his son, he said "it's just to give me more time for–I mean, the summertime is the best time to go with your–with a child, I think, especially with what we do; the camping, the fishing, all the outdoor activities we do or try to do. It would just give me–us more time together." He also said he wanted more time because he felt the more time Mother had him, the more likely she was to get in-between his relationship with C.H.C. and "delete it somehow."

Father's testimony does not establish any change in circumstances from the time of the 2004 order to the requested modification. While a child growing older can, under certain circumstances, warrant a change in modification, courts have usually considered age when the child was an infant or toddler at the time of the original order and has aged several years at the time of modification. *See, e.g., Horne v. Harwell*, 533 S.W.2d 450, 452 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.) (concluding trial court properly found a material and substantial change in circumstance to modify possession when child was seventeen months old at time of divorce and over three years old when motion to modify was filed); *see also In re T.W.M.B.*, 04–96–00667–CV, 1998 WL 236320, at *2 (Tex. App.—San Antonio May 13, 1998, no pet.) (noting increase of child's age from seventeen months to five years old was a material and substantial change) (not designated for publication). C.H.C. was not an infant in 2004. Rather, he was 5 years old and ten years old at the time of the modification order. Moreover, Father made no argument that his desire to spend more time with C.H.C. was based on C.H.C.'s ability to now do more lake or camping activities that the two could not do in 2004 because C.H.C. was younger. *See, e.g., Zeifman v. Michels*, 212 S.W.3d 582, 593 (Tex. App.—Austin 2006, pet. denied) (noting increase in age alone is not a changed circumstance to justify modification unless changed needs are shown).

The record is likewise void of any other evidence showing a change from 2004 to 2008 regarding Father's ability to spend time during the summer enjoying outdoor activities with C.H.C. Thus, his desire to spent more time with C.H.C. is not a material and substantial change in circumstances. To conclude otherwise would allow any non-custodial parent, whose desire is often to spend more time with his or her child, to easily clear the material and substantial change hurdle of section 156.101. This goes against the purpose of the "significant hurdles" Texas law has imposed before a possession order may be modified. *See Bates v. Tesar*, 81 S.W.3d 411, 426 (Tex. App.—El

Paso 2002, no pet.) ("Historically, Texas law has tried to ensure stability and continuity for children by imposing significant hurdles to modification of managing conservatorship."). Thus, we conclude the evidence is legally insufficient to support an implied finding of a substantial and material change in circumstances. Accordingly, the trial court abused its discretion by modifying the 2004 SAPCR order to increase Father's summer possession.

In reaching this conclusion, we need not address Mother's argument that the same evidence is insufficient to support the trial court's finding and conclusion that increasing Father's summer possession is in C.H.C.'s best interest. We sustain Mother's second issue.

### Contempt Order

In her final issue, Mother challenges the trial court's December 4, 2008 contempt order because she claims it is beyond the trial court's authority and is void. The trial court found Mother in contempt for two separate instances in which she did not give Father possession of C.H.C. in accordance with the 2004 SAPCR order. The court ordered her to pay $250.00 for each separate violation and sentenced her to confinement in the Dallas County jail for ninety days for each separate violation. Her commitment was suspended, and she was placed on community supervision for thirty-six months.

Mother acknowledges that contempt orders generally are subject to review by writ of habeas corpus or mandamus, rather than by direct appeal. *See Herzfeld v. Herzfeld*, 285 S.W.3d 122, 132 (Tex. App.—Dallas 2009, no pet.); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.). Nonetheless, she argues the order combines elements of civil and criminal contempt, and the evidence is insufficient to establish beyond a reasonable doubt she committed a willful and intentional violation of the order. We are unpersuaded by Mother's arguments to ignore the well-established legal principal that a court of appeals lacks jurisdiction to review a contempt order on direct appeal.

*Herzfeld*, 285 S.W.3d at 132; *Tracy*, 219 S.W.3d at 527. Accordingly, we dismiss for want of jurisdiction her appeal of the December 4, 2008 contempt order.

## Conclusion

The trial court's December 10, 2008 order is reversed and rendered to the extent it (1) modified and reduced Father's child support payments from $1200.00 to $966.84 and (2) modified and increased Father's summer possession. In all other respects, the order is affirmed. We dismiss for want of jurisdiction Mother's appeal of the December 4, 2008 contempt order.

MICHAEL J. O'NEILL
JUSTICE

090121F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.H.C., A CHILD

No. 05-09-00121-CV

Appeal from the 302nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
DF-98-15998).
Opinion delivered by Justice O'Neill,
Justices Lang-Miers and Richter,
participating.

Based on the Court's opinion of this date, we **WITHDRAW** our July 16, 2012 opinion and **VACATE** the July 16, 2012 judgment.

This is now the judgment of the Court.

The trial court's December 10, 2008 order is **REVERSED** and **RENDERED** to the extent it (1) modified and reduced Kyle Corey's child support payments from $1200.00 to $966.84 and (2) modified and increased his summer possession. In all other respects, the order is **AFFIRMED**.

Christina Hawkins' appeal of the trial court's December 4, 2008 contempt order is **DISMISSED** for want of jurisdiction.

Judgment entered February 6, 2013.

MICHAEL J. O'NEILL
JUSTICE