**AFFIRMED; Opinion Filed November 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01426-CV

### IN THE MATTER OF R.M.H. AND J.M.H., CHILDREN

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-53202-98**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Myers
Opinion by Justice Myers

Beth Jean Thoele Huston, the children's mother, appeals the trial court's judgment granting Edward Charles Huston's motion to modify the parent-child relationship. Appellant brings four issues on appeal, contending (1) appellant, who was without counsel and under extreme and severe duress, did not understand the meaning and implications of signing a waiver of service; (2) appellant did not "just up and move to Illinois" leaving the children with appellee as appellee testified; (3) it is not reasonable for appellant to pay $664.30 per month in child support; and (4) it is better for the children to reside with appellant. We affirm the trial court's judgment.

### BACKGROUND

The parties were divorced in 1999. In January 2013, appellee, the children's father, moved to modify the conservatorship order. Appellant signed a waiver-of-service affidavit, which stated appellant understood that by signing the form, the court could make decisions about

the case without further notice to her. Appellant also signed an agreed motion to terminate withholding of appellee's income for child support.

On September 26, 2013, the trial court held a hearing on the motion to modify. Appellee appeared and testified at the hearing, and appellant did not appear at the hearing. Appellee testified that there was a substantial change of circumstances since the parties divorce, namely, that appellant moved to Illinois in November 2012 leaving the children in his care. Appellee stated that before appellant moved, appellant had primary conservatorship of the children. Appellee testified he continued to pay child support to appellant of $1250 per month for four months after appellant moved to Illinois. Appellee requested reimbursement of that $5000 at a rate of $100 per month.

The trial court signed an order granting the motion to modify the parent-child relationship. Under that order, appellant and appellee were joint managing conservators with appellee having the exclusive right to determine the children's residence. The order included the standard possession order. The order also required appellant to pay child support of $427.30 per month, pay child support reimbursement of $100 per month, and pay reimbursement of health insurance premiums of $137 per month. The court signed an order requiring any employer of appellant to withhold $664.30 per month from her earnings.

## PRO SE PARTIES

Appellant is pro se. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair

advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

Appellee was represented by counsel at trial, but he is pro se on appeal. Appellee did not file a brief.

### APPELLANT'S BRIEF

Appellant's brief on appeal contains her version of events. She explains that she initially went to Illinois in November 2012 to assist and care for her terminally ill sister, who died in April 2013. Appellant states that after finding employment in Illinois following a long period of unsuccessful job searching in Texas, she decided to remain in Illinois. She states she signed the affidavit of waiver of service while under duress during the time she was caring for her sister. She also states appellant's threats of legal action placed her under duress. She also states she did not comprehend the import of the waiver of service because of a note appellee included with the court documents stating the waiver of service meant the case had been reopened but that appellant did not need to appear in court. Appellant also states it was not fair and reasonable to require her to pay $664.30 every month, because that is forty-nine percent of her income. Appellant also says she loves her children, communicates with them nearly every day, and has seen them at least six times since moving to Illinois. She states that the children would be better off living with her in Illinois.

Almost all of the factual assertions in appellant's brief are unsupported by the appellate record. The appellate record consists of the clerk's record and, where necessary, a reporter's record. TEX. R. APP. P. 34.1. An appellate court cannot consider factual assertions that are unsupported by the record. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam). In other words, we may consider factual assertions in a party's brief only if they are supported by evidence in the clerk's record or the reporter's record.

**STANDARD OF REVIEW**

We review a trial court's decision on a petition to modify the parent-child relationship concerning conservatorship for an abuse of discretion. *In re S.N.Z.*, 421 S.W.3d 899, 908 (Tex. App.—Dallas 2014, pet. denied). We review a trial court's order to modify child support and the amount of support required for an abuse of discretion. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.). Under the abuse-of-discretion standard, we consider whether the trial court acted unreasonably, that is, whether the trial court acted in an arbitrary manner without reference to any guiding rules or principles. *S.N.Z.*, 421 S.W.3d at 908. Absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *C.H.C.*, 392 S.W.3d at 349.

**WAIVER OF SERVICE**

In her first issue, appellant contends she did not understand "the meaning of the Waiver of Service and what the implications would be by mistakenly signing it while under severe and extreme duress." The waiver-of-service document states appellant had received and read the petition to modify the parent-child relationship and understood what it said. The document also states,

> I understand that by signing this form I am entering an appearance, and it is a substitute for going to Court and telling the Court my side of the case. I do not want testimony in this case recorded. And, I agree that a Judge, Associate Judge, or appointed Referee of the Court may make decisions about my case, even if the case should have been filed in another county or state. . . . I agree that the court can make decisions in this case without further notice to me.

In the absence of trickery or artifice, parties are presumed to have read and understood the documents they sign. *See Moore v. Moore*, 383 S.W.3d 190, 196 (Tex. App.—Dallas 2012, pet. denied). Appellant argues her misunderstanding of the waiver of service was because of a note appellee sent her with the court documents stating the waiver of service meant only that she did not have to appear in court. Appellant attached a copy of the note to her brief. However, the

note is not part of the record on appeal. This Court cannot consider documents attached to a party's brief when the document is not part of the record. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.). We conclude the record does not show appellant was under duress and did not understand the effect of the waiver of service when she signed it. Nor does the record show she mistakenly signed it. We overrule appellant's first issue.

## APPELLANT'S MOVE TO ILLINOIS

Appellant's second issue is, "Whether [appellant] 'just up and moved to Illinois,['] leaving [the children] with [appellee]." During the hearing, appellee testified,

Q. Did she just up and move to Illinois and leave the children with you?

A. Yes.

Appellant describes in her brief that before leaving for Illinois, she discussed with appellee over a five-day period that she needed to travel to Illinois to care for her terminally ill sister. She explains that she did not abandon her children and that she paid for plane tickets for the children to come to Illinois in December 2012 to see their aunt before she died and to visit their relatives in Illinois. She also states that the children supported her decision to care for her sister in Illinois. She states in her brief that she raised the children on her own following the divorce, and that she often cared for the children during appellee's periods of possession because of his travel schedule.

None of appellant's assertions are supported by evidence in the record, and we cannot consider factual assertions outside the record. *Unifund*, 262 S.W.3d at 797. Despite appellant's assertions in her brief, the record does not show that appellee's testimony that appellant "just up and move[d] to Illinois" leaving the children with appellee was incorrect. We overrule appellant's second issue.

**CHILD SUPPORT**

In her third issue, appellant contends it is not reasonable and necessary for her to pay $664.30 in support to appellee each month. Appellant asserts in her brief she makes $11 per hour and has no assets while appellee "makes six figures and has over one million dollars in savings plus other unknown assets." Appellant attached to her brief a list of her monthly income and expenses. According to this document, appellant earns $1760 per month, has net pay of $1348, and expenses of $1298 leaving only $50 per month. She requests in the document that this Court change the child-support and reimbursement amount to $50 per month. None of appellant's assertions concerning her and appellee's income and assets are supported by the record, and the document attached to appellant's brief is not part of the record. Accordingly, we cannot consider appellant's assertions or the document attached to appellant's brief. *See Unifund*, 262 S.W.3d at 797; *Winn*, 372 S.W.3d at 297.

We conclude appellant has not shown the trial court abused its discretion by requiring appellant to pay $664.30 per month. We overrule appellant's third issue.

**RESIDENCE OF THE CHILDREN**

In her fourth issue, appellant contends it would be better for the children to reside with her than with appellee. Appellant states in her brief that the children said they were interested in moving to Illinois to live with her. Appellant also states the children have numerous relatives of both her and appellee near where she lives in Illinois and that the town where she lives would be an ideal town to raise the children. Appellant also states the schools near her are at least as good as those near appellee. However, none of these assertions are supported by the record, and we cannot consider them. *See Unifund*, 262 S.W.3d at 797.

We conclude appellant has not shown the trial court abused its discretion by ordering that appellee has the exclusive right to determine the children's residence. We overrule appellant's fourth issue.

## CONCLUSION

This Court cannot consider appellant's factual assertions that are not supported by the record. Accordingly, the record does not show the trial court abused its discretion by modifying the parent-child relationship and by requiring appellant to pay child support and reimbursement to appellee of $664.30 per month. We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

131426F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF R.M.H. AND J.M.H., CHILDREN

No. 05-13-01426-CV

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-53202-98.
Opinion delivered by Justice Myers.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee EDWARD CHARLES HUSTON recover his costs of this appeal from appellant BETH JEAN THOELE HUSTON.

Judgment entered this 4th day of November, 2014.