**Affirmed and Opinion Filed June 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00564-CV

### IN THE INTEREST OF S.D.S.H., A CHILD

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-50238-07**

## MEMORANDUM OPINION
Before Justices Evans, Schenck, and Richter[1]
Opinion by Justice Evans

Father[2] appeals from the trial court's order granting Mother's petition to modify the parent-child relationship. In two issues, Father complains the trial court abused its discretion in excluding from evidence his 2013 income tax return and setting his child support obligation based on a monthly income of $7000.[3] For the reasons that follow, we affirm the trial court order.

---

[1] The Hon. Martin Richter, Justice, Assigned

[2] Rather than identify appellant and appellee by their full names, we refer to them as "Father" and "Mother" pursuant to section 109.002(d) of the family code. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[3] Father's brief contained a third issue complaining about the trial court's denial of his motion for new trial based on newly available evidence. However, Father withdrew this issue in his reply brief. Accordingly, we do not address this complaint.

## BACKGROUND

Father and Mother are the unmarried parents of a minor child, S.D.S.H. They filed cross-petitions seeking to modify a SAPCR[4] order rendered October 5, 2007. The 2007 order appointed Mother and Father joint managing conservators along with several other family members, and gave Mother and Father a 50-50 possession schedule. Neither parent was ordered to pay child support under the 2007 order.

A hearing was held in August 2014. The trial court heard testimony from both parents and other witnesses, including a private child custody evaluator/expert consultant. Also admitted into evidence was the evaluator's report, a questionnaire Father filled out for the evaluator, and a student reading log. Father's 2013 income tax return[5] was excluded from evidence after the trial court sustained Mother's objection that Father "can't vouch for its authenticity, it's incomplete. He testified at one point that he's an employee, but now this says he's self-employed." At the conclusion of the hearing, the trial court granted Mother's modification request. The non-parent family members were removed as managing conservators, and Mother and Father were appointed joint managing conservators with Mother having the exclusive right to designate the primary residence of the child. Father was awarded visitation under a standard possession order and ordered to pay child support of $1000 per month.

Pursuant to Father's request, the trial court filed findings of fact and conclusions of law. The following findings are relevant to the issues presented by this appeal. As of the date of trial, Father had not yet established an independent residence for himself, continued to live with his parents during his weeks of possession of the child, and relied on his parents to parent the child. Father paid no rent for living at his parents' home. When Father did not have possession of the

---

[4] "Suit Affecting the Parent-Child Relationship." *See* TEX. FAM. CODE ANN. § 101.032 (West 2014).

[5] Father testified that the 2013 tax return was prepared and filed by an accountant less than a week before the hearing.

child, he lived rent-free in a home in the Dallas neighborhood of Preston Hollow. Father is a project manager for Hill Construction Group, a family company that builds multimillion dollar homes in the Park Cities.[6] Hill Construction pays the monthly rent of $2500 for the Preston Hollow property. Father drives a vehicle that was given to him by his parents and Father does not pay for the vehicle. He also has an ownership in a boat with a friend that is paid for by Hill Construction.

Father completed a parenting questionnaire for the social study evaluator in which he admitted a gross income of $7000 per month and a net income of $5700 per month.[7] Father told the evaluator in an interview that he made $7000 per month. Father made these statements before the evaluator recommended a change of custody. Father also testified at trial that he can obtain money from Hill Construction when he needs it. Although Father testified that the income listed on the questionnaire only reflected what he made the month he filled it out, the trial court found his trial testimony not credible. The trial court further found that Father developed a motive to "fabricate" his testimony of his income at the time of trial. Additionally, the trial court found Father's testimony that he made only $1500 to $2000 per month not credible and determined his monthly income was at least $7000 per month. Based on that monthly income, the trial court applied the child support guidelines and ordered Father to pay $1000 per month in child support to Mother. Father filed this appeal.

## ANALYSIS

We review a trial court's ruling on child support for a clear abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We view the evidence in the light most favorable to the trial court's action and indulge every legal presumption in favor of the order.

---

[6] There was evidence that Hill Construction is owned by Father's brother.

[7] The questionnaire was completed by Father in January 2014.

*See McLane v. McLane*, 263 S.W.3d 358, 362 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). In family law cases involving an abuse of discretion standard of review, legal and factual insufficiency are not independent grounds for reversible error; but they are relevant factors when assessing whether the trial court abused its discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). In determining whether the trial court abused its discretion because the trial court evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *See id.* Moreover, when determining issues that involve the best interests of the child, the trial court is in the best position to observe the witnesses' demeanors and personalities and thus discern forces, powers, and influences not apparent by merely reading the record. *See Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). Where, as here, the trial court made findings of facts and conclusions of law, they have the same dignity as a jury's verdict. *In re C.H.C.*, 392 S.W.3d 347, 349–50 (Tex. App.—Dallas 2013, no pet.). And like a jury's verdict, the findings are reviewable for legal and factual sufficiency under the same standards. *Id.*

We begin our discussion with Father's second issue in which he complains the trial court abused its discretion in assessing child support of $1000 per month because the evidence was legally and factually insufficient to support such an award. Father specifically challenges the evidentiary sufficiency of the trial court's finding that he had a monthly gross income of $7000.

Father argues the questionnaire on which he reported a monthly gross income was $7000 was no evidence to support the trial court's finding because "no reasonable and fair-minded person could evaluate the handwritten questionnaire and Father's testimony about it and conclude that the income statement in the questionnaire carries probative force." Father further asserts that even if the questionnaire was legally sufficient to support the monthly income

–4–

finding, the finding was against the great weight of the evidence in light of his testimony that (1) he received a substantial bonus just before completing the questionnaire (corroborated by testimony from his mother), (2) his income fluctuated, and (3) his gross income in 2013 was $25,000. We disagree.

Father did not dispute that his response to the questionnaire listed a monthly gross income of $7000. Instead, he contended the amount listed represented his gross income for the month of January 2014 only. When Father was asked about his current income, however, he responded, "I really couldn't answer that question, because I pay myself when I need money and it varies." He indicated that although his gross income for January 2014 may have been $7000, "there are months that I make $5000 a month." He further testified that his income in 2013 was $25,000 and his monthly income for July 2014 was about $1500 to $2000. When asked, "So you're making $7000 a month, and you're living rent free with your brother?" Father responded "Yes." Father also provided conflicting testimony on whether he could access money from Hill Construction, stating alternatively that he pays himself as needed, but could not access more money from the business because he was not an owner. Although Father testified his brother writes and signs his paychecks, he later admitted that he had access to the business bank account to write checks. Father's testimony suggested he had substantial control over the amount he was paid every month.

Giving substantial deference to the trial court's determinations regarding the weight of the evidence and credibility of the witnesses, we conclude the evidence was sufficient to support the trial court's finding that Father's monthly gross income was $7000. Accordingly, the trial court did not abuse its discretion in ordering Father to pay monthly child support of $1000. We resolve Father's second issue against him.

In his first issue, Father contends the trial court abused its discretion in excluding from evidence his 2013 income tax return. We may not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused rendition of an improper judgment. *See Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 883 (Tex. 2014). Even assuming, without deciding, that the 2013 tax return was erroneously excluded, Father has failed to demonstrate harm from its exclusion.

The issue the trial court had to determine was Father's current monthly gross income. While a tax return from the previous year may be probative evidence relevant to that issue, it was not "crucial" as Father contends. When Father was asked about his current income, he responded, "I really couldn't answer that question, because I pay myself when I need money and it varies." Father also testified that he probably made $1500 to $2000 in July 2014, but "there are months that I make $5000." From this testimony, it appears that Father could easily manipulate his monthly income to suit his needs. Thus, it appears Father's 2013 income as reflected in a tax return prepared and filed a week before trial would provide little guidance as to his current monthly income. Moreover, Father testified that he made $25,000 in 2013. Consequently, the 2013 tax return substantiating this amount was merely cumulative of the evidence already before the trial court and would not have added "substantial weight" to his case. *See Bohmfalk v. Linwood*, 742 S.W.2d 518, 521(Tex. App.—Dallas 1987, no writ) (decisive factor for harm is whether excluded evidence that was cumulative of other evidence would add substantial weight to complainant's case). We resolve Father's first issue against him.

**CONCLUSION**

We affirm the trial court's order granting Mother's petition to modify the parent-child relationship.

/David Evans/
DAVID EVANS
JUSTICE

150564F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.D.S.H., A CHILD,

No. 05-15-00564-CV

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-50238-07
Opinion delivered by Justice Evans, Justices Schenck and Richter participating.

In accordance with this Court's opinion of this date, the trial court's order granting the petition to modify the parent-child relationship is **AFFIRMED**.

It is **ORDERED** that appellee Jessica Bannecker recover her costs of this appeal from appellant Stephen Travis Hill.

Judgment entered this 20th day of June, 2016.