

# NUMBER 13-14-00630-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTHONY PAUL TROIANI,                                        **Appellant,**

**v.**

CHRISTINE YVETTE TROIANI,                                    **Appellee.**

### On appeal from the 444th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Anthony Paul Troiani appeals the trial court's order granting appellee

Christine Yvette Troiani's petition for modification of the parent-child relationship and

motion for enforcement. By his first four issues, Anthony challenges the trial court's

order requiring him to pay private school tuition for the parties' minor son D.T.[1]  By his fifth issue, Anthony argues that the trial court's order concerning the division of real property is void.   We reverse and render in part and affirm in part.

## I. BACKGROUND

In May, 2013, the trial court entered a final divorce decree.   The decree provided that Anthony was to pay Christine $1,875 per month in child support for their two minor children.   The trial court found that Anthony's available monthly net resources were $7,500 per month or $90,000 per year.   The decree also awarded to Christine real property located on Stillwell Bend Road (the Stillwell property).   Christine was ordered to refinance the mortgage and "secur[e] the [Stillwell property] in her sole name" by a set date, and if she did not, Christine was to sell the property and retain the net proceeds. Christine was ordered to make timely mortgage payments during this period.   The trial court further ordered Christine and Anthony to execute a deed of trust to secure assumption so Anthony could commence foreclosure proceedings in the event Christine became delinquent paying the mortgage.

Anthony subsequently filed a "motion for enforcement of property division/sale, payment of debt and enforcement of child visitation."[2]   On December 10, 2013, the trial court entered the following order with respect to the Stillwell property:

> The Court finds that neither party owes the other party any monies nor debt besides what is particularly described in this order as it refers to the named property.   IT IS ORDERED that as of the date of this hearing [Anthony] will

---

[1] The parties have two minor children.   However, Anthony's appeal challenges only those orders concerning private school tuition for their son D.T.   In order to protect his identity, we refer to the parties' son by his initials.

[2] This motion was not included in the record on appeal.

assume payment of the mortgage of the [Stillwell property] and [Christine] is not responsible for repayment of any past mortgage payments or foreclosure payments/fees made by [Anthony.] The Court ORDERS that [Christine] shall vacate the home located at [the Stillwell property] on or before December 31, 2013. The Court FURTHER ORDERS that during this period of time, while [Christine] is residing in the above-mentioned home, [Christine] shall pay to [Anthony] a rental amount of $1,500 on November 1, 2013 and $1,500 on December 1, 2013. IT IS FURTHER ORDERED that [Christine] shall ensure that the home is not damaged or destroyed prior to her vacating the home beyond the normal wear and tear. IT IS FURTHER ORDERED that [Christine] is to immediately execute a quitclaim deed to [Anthony]. The Court FURTHER ORDERS that [Anthony] is to provide a 48 hours['] notice to [Christine] in order to make the home available to show to prospective buyers.

The order did not state who would receive the proceeds from the sale of the Stillwell property.

In May, 2014, Christine filed a petition for modification of the parent-child relationship and an accompanying motion for enforcement. Christine requested that the court increase Anthony's child support payments to include private school tuition for D.T., including school registration fees, costs of uniforms/supplies, and the cost for school lunches. Christine further requested that the trial court order Anthony to pay her the sale proceeds from the Stillwell property if and when the property was sold.

In June, 2014, the trial court held a hearing on Christine's motion and petition, at which Christine appeared pro se. Anthony testified concerning his income, and his 2013 income tax return was admitted into evidence. The evidence reflects that Anthony received a salary of $82,848 in 2013 from his solely owned business and that his business generated additional income of $50,444. Anthony testified that he paid approximately $900 per month in private school tuition for D.T. for the previous school year, although he was not required to do so by court order.

On August 1, 2014, the trial court entered an order requiring Anthony to pay the costs for the parties' son to attend private school for the upcoming school year, including extracurricular activities. The trial court also ordered Anthony to pay the net proceeds from the future sale of the Stillwell property to Christine.

Anthony filed a motion for new trial which was overruled by operation of law. This appeal followed.

## II. CHILD SUPPORT MODIFICATION

By his first four issues, Anthony argues the trial court abused its discretion in increasing his child support obligation because: (1) the modification of child support was not supported by sufficient evidence; (2) there was no evidence of the child's proven needs; (3) the trial court did not make mandatory findings under Texas Family Code section 154.130; and (4) the trial court lacked statutory information that it needed to consider before awarding child support exceeding the statutory guidelines. We will first address Anthony's second issue.

### A. Standard of Review and Applicable Law

Texas Family Code section 156.401 authorizes modification of a child support order if the circumstances of the child or a person affected by the order have materially and substantially changed since the date the order was rendered. TEX. FAM. CODE ANN. § 156.401(a) (West, Westlaw through 2015 R.S.); *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.). "[T]he trial court is obliged to examine the circumstances of the children and parents at the time of the divorce decree and the circumstances existing at the time of trial in the modification suit." *Scruggs v. Linn*, 443

4

S.W.3d 373, 377 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In doing so, the court must compare the financial circumstances of the affected party at the time the order was entered with his circumstances at the time the modification is sought. *In re C.H.C.*, 392 S.W.3d at 349 (citing *Hammond v. Hammond*, 898 S.W.2d 406, 407–08 (Tex. App.—Fort Worth 1995, no writ)). Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. *London v. London*, 94 S.W.3d 139, 145 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The person seeking the modification has the burden of establishing a material and substantial change. *In re C.H.C.*, 392 S.W.3d at 349; *Hodson v. Keiser*, 81 S.W.3d 363, 368 (Tex. App.—El Paso 2002, no pet.).

When, as here, an obligor's net resources exceed $7,500 per month, the court is to apply the presumptive percentage guidelines to the first $7,500 in net resources. TEX. FAM. CODE ANN. § 154.126(a) (West, Westlaw through 2015 R.S.). The presumptive percentage guideline applied to the net resources of an obligor with two children before the court is 25% of the obligor's net resources. *Id.* §§ 154.125, 154.126 (West, Westlaw through 2015 R.S.). The trial court "may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child[ren]." *Id.* § 154.126(a), (b). If the needs of the children exceed the presumptive amount, the court subtracts the presumptive amount from those needs and then allocates between the parties the responsibility to meet those needs, according to the parties' circumstances. *Id.* § 154.126(b). The obligor may not be ordered to pay more child support than the greater of the presumptive amount or 100% of the children's proven

5

needs. *Id*. "To impose child support beyond the [statutory] guidelines, the record must contain evidence of the 'proven needs' of the child." *In re M.A.M.*, 346 S.W.3d 10, 17 (Tex. App.—Dallas 2011, pet. denied) (citing TEX. FAM. CODE ANN. § 154.126(a), (b)).

"A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding rules or principles. *In re P.C.S.*, 320 S.W.3d 525, 530 (Tex. App.—Dallas 2010, pet. denied). The reviewing court must review the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Id*.

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 382–83 (Tex. App.—Dallas 2013, no pet.). Accordingly, we consider whether the trial court: (1) had sufficient evidence upon which to exercise its discretion; and (2) erred in its application of that discretion. *Id.*

A trial court's findings are reviewable for legal and factual sufficiency of the evidence under the same standards that are applied in reviewing evidence supporting a jury's answer. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). In evaluating a legal sufficiency challenge, we credit evidence that supports the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.

6

2005); *Newberry v. Newberry*, 351 S.W.3d 552, 555 (Tex. App.—El Paso 2011, no pet.). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. In a factual sufficiency review, we examine all of the evidence in the record and will reverse only if the finding is so against the great weight of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Newberry*, 351 S.W.3d at 555–56.

## B. Analysis

Anthony challenges the trial court's order requiring him to pay private school tuition for D.T. which increased his previous child support obligation of $1,875 per month by an additional $900. The evidence introduced at the hearing reflects that Anthony's monthly net resources increased since the entry of the final divorce decree from $7,500 per month to $11,107.67 per month.[3] Anthony's initial child support obligation of $1,875 was consistent with the statutory guidelines as it constituted 25% of Anthony's monthly net resources of $7,500. *See* TEX. FAM. CODE ANN. § 154.125 (creating presumption that obligor pay 25% of net resources for support of two children). By ordering monthly private school payments of $900, the trial court effectively increased Anthony's monthly obligation to at least $2,775, which exceeded the presumptive child support amount established by statute.[4] *See In re Marriage of Grossnickle*, 115 S.W.3d 238, 247 (Tex.

---

[3] As noted above, the trial court heard evidence that Anthony's 2013 net resources included $82,848 in salary and an additional $50,444 in net income from his solely owned business for a total of $133,292 or $11,107.67 per month. Anthony cites the trial court's calculation in his brief and does not challenge the calculation of net resources on appeal.

[4] The trial court ordered that Anthony pay costs associated with extracurricular activities. There is no evidence in the record indicating the amount Anthony would be required to pay in this regard.

App.—Texarkana 2003, no pet.) (payment of private school tuition "is necessarily a form of child support").

Assuming arguendo that there was evidence of a material and substantial change justifying a modification of Anthony's child support obligation, we conclude that the trial court abused its discretion by increasing child support because Christine presented no evidence that private school was a proven need of the child. *See* TEX. FAM. CODE ANN. § 154.126(a), (b); *In re M.A.M.*, 346 S.W.3d at 17 ("To impose child support beyond the [statutory] guidelines, the record must contain evidence of the 'proven needs' of the child.").

"To establish private school as a proven need, the evidence must show something special that makes the particular child need or especially benefit from some aspect of non-public schooling." *In re M.A.M.*, 346 S.W.3d at 17. The record is devoid of any evidence in this regard. *Compare In the Interest of Pecht,* 874 S.W.2d 797, 801–02 (Tex. App.—Texarkana 1994, no writ) (concluding evidence supported private school as proven need for child with severe learning disabilities) *with In re M.A.M.*, 346 S.W.3d at 18 (concluding there was no evidence private school was a "proven need" of the child where both parents testified they were looking into available public schools and did not feel private school was a need of the child).

Absent any evidence of the child's proven needs, the trial court abused its discretion in ordering Anthony to pay private school tuition. *See In re Marriage of C.A.S.*, 405 S.W.3d at 382–83; *see also Carter v. Carter,* No. 09-13-00461-CV, 2015 WL 4571315, at *5 (Tex. App.—Beaumont July 30, 2015, no pet.) (mem. op.) (determinating

8

that the trial court abused its discretion in ordering father to pay private school tuition in addition to presumptive child support obligation where there was no evidence that private school was a "proven need," and, even assuming private school was a "proven need," total child support obligations exceeded 100% of the child's needs). We sustain Anthony's second issue.[5]

## III. DIVISION OF PROPERTY

By his fifth issue, Anthony argues that "the trial court erroneously sustained Christine's impermissible collateral attack against its previous property division enforcement order." Specifically, Anthony argues that the trial court's December 10, 2013 order operated to enforce the earlier divorce decree, but that the trial court's August 1, 2014 order is void because the trial court did not have jurisdiction to alter the divorce decree's division of property.

### A. Applicable Law

After expiration of its plenary jurisdiction, a trial court retains its inherent power to clarify or enforce a divorce decree. *Johnson v. Ventling*, 132 S.W.3d 173, 178 (Tex. App.—Corpus Christi 2004, no pet.) (citing *McGehee v. Epley*, 661 S.W.2d 924, 926 (Tex. 1983) (per curiam)). "An order to enforce the division [of property] is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property." TEX. FAM. CODE ANN. § 9.007(a) (West, Westlaw through 2015 R.S.). However, the trial court "may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." *Id.* §

---

[5] We need not address Anthony's first, third, and fourth issues because of our disposition of this issue. *See* TEX. R. APP. P. 47.1.

9

9.007(a); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003).  Any order "that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable."  TEX. FAM. CODE ANN. § 9.007(b).  Accordingly, section 9.007 of the Texas Family Code is jurisdictional and orders violating its restrictions are void.  *DeGroot v. DeGroot*, 260 S.W.3d 658, 663 (Tex. App.—Dallas 2008, no pet.).

**B.    Analysis**

Anthony maintains that the December 10, 2013 order was a proper enforcement of the original decree's division of property and that the trial court's August 1, 2014 order awarding the net proceeds from the sale of the Stillwell property to Christine impermissibly alters the earlier division of property.   We disagree.

The original divorce decree provided that "in the event that [Christine] fails to refinance the subject real property . . . , the real property shall be sold and all net sale proceeds shall be paid to [Christine]."   The record reflects that Christine failed to refinance the property.   Therefore, the divorce decree requires that the property be sold with net sale proceeds awarded to Christine.   Neither the December 10, 2013 order nor August 1, 2014 order alters or changes this provision.   The December 10, 2013 order is completely silent on this point, while the August 1, 2014 order is consistent with the divorce decree, providing that "[Christine] shall be awarded and paid the net proceeds from the sale of the [Stillwell property]."

10

We conclude that the trial court did not impermissibly alter or change the division of property. Therefore, the order is enforceable. *See* TEX. FAM. CODE ANN. § 9.007; *DeGroot*, 260 S.W.3d at 663. We overrule Anthony's fifth issue.

## IV. CONCLUSION

We reverse that part of the judgment ordering Anthony to pay the costs for the parties' minor son D.T. to attend private school for the 2014-2015 school year including extracurricular activities and render judgment that Christine take nothing on her claim to modify child support. We otherwise affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
8th day of September, 2016.