**Dismiss and Opinion Filed August 27, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00989-CV**

**1 COVENTRY COURT, LLC, Appellant**
**V.**
**THE DOWNS OF HILLCREST RESIDENTIAL ASSOCIATION, INC.,**
**Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-01541**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

Appellant 1 Coventry Court, LLC (Coventry) appeals from the trial court's judgment based upon Coventry's settlement agreement with appellee The Downs of Hillcrest Residential Association, Inc. (the Association). In three issues, Coventry argues the trial court erred in rendering a judgment that (1) was based upon the agreement and dismissing Coventry's claims, (2) was not in strict compliance with the agreement, and (3) adopted an unenforceable agreement. In a fourth issue, Coventry contends the trial court abused its discretion in issuing a contempt order. The Association responds, among other ways, by arguing Coventry relinquished its

right to appeal the judgment when it executed a subsequent agreement releasing its claims against the Association.[1]  We agree with the Association and dismiss Coventry's appeal in this memorandum opinion.  *See* TEX. R. APP. P. 47.4.

## Background

Dr. Moshe Feldhendler and Leah Feldhendler formed Coventry to purchase the property located at 1 Coventry Court in Dallas.  The property is located in the Downs of Hillcrest neighborhood and is subject to the Association.  After a dispute relating to gates providing access to the property arose between the Feldhendlers and the Association, Coventry sued the Association seeking injunctive and declaratory relief.  The Association countersued, and the parties eventually filed competing motions for summary judgment.

On May 4, 2022, the Association notified the trial court the parties reached a settlement agreement on April 26 and were working to finalize a formal agreement.

On June 27, 2022, the trial court held a hearing where counsel for Coventry withdrew, new counsel announced herself, and the parties discussed the settlement agreement.  The Association argued the settlement agreement was signed and enforceable.  Counsel for Coventry argued the agreement was tentative and stated they "were requesting an additional 30 days in order to nail down the settlement agreements, have the survey completed, and have the matter concluded."  The trial

---

[1] The Association makes this argument in both its brief and a motion to dismiss the appeal.

court asked the parties to file the settlement agreement and a proposed judgment with the court and stated that, if it found the agreement "is comprehensive and includes everything it needs for a Settlement Agreement, then I'm going to execute it and let you-all work out whatever else you think needs to be worked out at that point." Dr. Feldhendler told the court he did not believe the agreement was intended to be the final agreement and that there were other matters that needed to be addressed. The trial court said it was irrelevant whether the agreement "was signed hastily" and stated it would "read the agreement and I will look at the form of final judgment and I will make a determination whether it is a full and final judgment or not; that is a matter of law."

The next day, on June 28, 2022, the Association moved for entry of final judgment and included with its motion a copy of the parties' settlement agreement. According to the agreement, among other things, the parties agreed to execute a full and final settlement agreement and release of all claims and defenses asserted in the lawsuit. Coventry meanwhile submitted a proposed "Settlement and Release Agreement."

Coventry also filed an objection to the Association's proposed judgment, arguing a judgment was not contemplated by the agreement; instead, it argued, "upon execution of a final formal settlement agreement, the appropriate remedy would be a finding that this matter has been rendered moot and the matter should be dismissed."

On June 30, 2022, the trial court rendered a final judgment based upon the parties' settlement agreement and the Association's proposed judgment. Among other things, the trial court ordered the parties to execute a full and final settlement agreement and release all claims and defenses asserted in the lawsuit, as the parties had agreed.

Coventry filed a motion for new trial or, alternatively, a motion to modify, correct, or reform the judgment. Coventry argued that, although "the proposed judgments[2] submitted by both parties are very similar, they are not identical on all material terms" and pointed to what it regarded as divergences.

On August 15, 2022, the Association moved for contempt, alleging, among other things, Coventry had refused to sign the settlement agreement and release required by the judgment.

On September 23, 2022, Coventry filed a notice of appeal of the trial court's judgment.

The trial court heard the Association's motion for contempt on October 12, 2022, where counsel for Coventry acknowledged it had not filed a supersedeas bond but argued the judgment was too vague to be enforced by contempt. The trial court rejected Coventry's arguments and signed an order holding it in contempt for, among other things, "failing to execute a full and final settlement agreement and release of

---

² As noted above, Coventry did not file a proposed judgment but a "Settlement and Release Agreement."

–4–

all claims and defenses asserted in the lawsuit." Coventry was ordered to sign such an agreement within five days of the date of the court's order. The Feldhendlers and Coventry were also ordered to appear in two weeks to show cause why they should not be incarcerated for civil and criminal contempt of court for disobedience of the trial court's judgment.

On October 16, 2022, the Feldhendlers, Coventry, and the Association executed a Settlement and Release Agreement. According to the agreement, the parties "mutually desire[d] to compromise and settle all matters in dispute and controversy between them, including those matters arising out of the alleged occurrences, incidents or wrongful acts made the basis of the claims asserted in the lawsuit[.]" Among other things, the Feldhendlers and Coventry agreed to fully and completely release and discharge the Association,

> of and from any and all claims, demands, damages, causes of action, lawsuits, or liabilities whatsoever, both at law and in equity, which the Releasing Feldhendler Parties ever had, now have, or may have against any of the Released Downs of Hillcrest Parties up to and including the date of the execution of this Agreement that are related to the Property and pertaining to, or arising directly or indirectly from any acts or omissions of the Released Downs of Hillcrest Parties made the basis of the claims asserted in the Lawsuit by the Releasing Feldhendler Parties.

The Association likewise released its claims against Coventry in similar language. The agreement further stated, "In executing this Agreement, it is the intent of all the Parties to resolve completely, fully and finally all issues and disputes existing among them and arising from the allegations made in the Lawsuit, whether now known or

unknown, and this Agreement should be construed broadly to accomplish this purpose and intent." The parties also excluded certain matters from the scope of the agreement:

> This Agreement, however, does not apply to or affect assessments levied by the Downs of Hillcrest Parties or that become due on the Feldhendler Parties' account or on the Property on or after the date of this Agreement. Neither does this Agreement release the Feldhendler Parties or any third party from fines or liabilities based on violation of deed restrictions, or property conditions in violation of the Downs of Hillcrest Parties' Declaration of Covenants, Conditions, and Restrictions, and any amendments thereto, related By-Laws, or other governing documents.

## Discussion

As stated at the outset, before we reach the merits of Coventry's issues, we must address the threshold question raised by the Association of whether Coventry released its right to appeal the trial court's judgment when it executed the October settlement agreement. Because we answer that question affirmatively, we do not reach the merits of the issues raised by Coventry.

A settlement agreement satisfies the requirements of rule 11 if it is in writing, signed, and filed with the court or entered in open court prior to a party seeking its enforcement. *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995)); *see* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open

–6–

court and entered of record."). "If a settlement relates to the entire cause of action, jurisdiction over the entire appeal is ended." *Harrill v. A.J.'s Wrecker Serv., Inc.*, No. 05-01-01849-CV, 2002 WL 31122160, at *1 (Tex. App.—Dallas Sept. 26, 2002, pet. denied) (mem. op.).

Here, there is no question of the existence of the October settlement agreement, that it satisfies the requirements of rule 11, or that it "relates to the entire cause of action." The October agreement is written, it was signed by the parties, and it was filed with the trial court. The terms of agreement state the parties intended to "resolve completely, fully and finally all issues and disputes existing among them and arising from the allegations made in the Lawsuit[.]" To that end, Coventry agreed to release all of its claims against the Association "related to the Property and pertaining to, or arising directly or indirectly from any acts or omissions of the [Association] made the basis of the claims asserted in the Lawsuit by [Coventry.]" The issues raised by Coventry in this appeal relate to the property dispute between the parties and the acts or omissions of the Association which form the basis of the claims asserted by Coventry in its suit against the Association. Furthermore, this appeal was not explicitly excluded by the scope of the agreement as certain matters were.

Despite this, Coventry contends (1) the contempt order requiring it to execute the October agreement was void for various reasons and (2) the October agreement differed materially from the April settlement agreed to by the parties. We find these

–7–

arguments unavailing. First, Coventry "ignore[s] the well-established legal principle that a court of appeals lacks jurisdiction to review a contempt order on direct appeal." *See In re C.H.C.*, 392 S.W.3d 347, 352 (Tex. App.—Dallas 2013, no pet.) (op. on reh'g); *see also Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.) ("Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus."); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) ("Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable."). Although Coventry also challenged the contempt order in a petition for writ of mandamus, we have denied that petition. *See In re 1 Coventry Court, LLC*, No. 05-23-00456-CV, 2024 WL 2314500, at *1 (Tex. App.—Dallas May 22, 2024, orig. proceeding) (mem. op.).

Second, whether the October settlement agreement differed from the original agreement is of no significance here. After failing to supersede the judgment, Coventry was ordered to comply with the judgment, and it did so when it signed the October agreement, *see In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004) ("when a final judgment has not been superseded or stayed pending an appeal, either the trial court or the court of appeals may entertain a motion for contempt"); in doing so, Coventry relinquished its claims against the Association, including this appeal, *cf. CQuentia Series Holdings, LLC v. Luminex Corp.*, 622 S.W.3d 607, 612 (Tex.

–8–

App.—El Paso 2021, no pet.) ("We express no opinion regarding whether Appellant consented to entry of the Agreed Judgment at the time it was actually entered because it does not change the unambiguous terms of the Supplement indicating Appellant's consent to waive any right to receive notice or to be heard prior to entry of the Agreed Judgment, or to appeal the entry after it occurred. For that reason, we must hold Appellant to its agreement.").

Accordingly, we hold Coventry to its agreement and dismiss this appeal. *See Harrill*, 2002 WL 31122160, at *2 (dismissing appeal when appellant executed settlement agreement releasing its claims after appealing trial court's judgment); *In re Long*, 946 S.W.2d 97, 99 (Tex. App.—Texarkana 1997, no writ) (dismissing appeal of turnover order when appellant executed release and settlement relinquishing claims and right of appeal). To the extent Coventry's issue complaining of the contempt order was not released by the October agreement, we similarly dismiss Coventry's appeal of that order for want of jurisdiction. *See In re C.H.C.*, 392 S.W.3d at 352.

/Ken Molberg/
220989f.p05          KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

1 COVENTRY COURT, LLC,
Appellant

No. 05-22-00989-CV     V.

THE DOWNS OF HILLCREST
RESIDENTIAL ASSOCIATION,
INC., Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-01541.
Opinion delivered by Justice
Molberg. Justices Nowell and
Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee THE DOWNS OF HILLCREST RESIDENTIAL ASSOCIATION, INC. recover its costs of this appeal from appellant 1 COVENTRY COURT, LLC.

Judgment entered this 27th day of August, 2024.