Floyd Lee RANDLE, Appellant,

v.

Alice Faye RANDLE, Appellee.

No. 01–85–0236–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1985.

Paul Kruse, Betts & Kruse, Brenham, for appellant.

Robert S. Pierratt, Houston, for appellee.

Before DUGGAN, JACK SMITH and HOYT, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from an order modifying conservatorship of a two and one-half year old child. We affirm.

Upon their divorce, the appellant, Floyd Lee Randle, and the appellee, Alice Faye Randle, were appointed joint managing conservators of their minor child. The modification order appointed the appellee mother managing conservator of the child. In six points of error, the appellant father contends there was either no evidence or insufficient evidence to show that: (1) the circumstances of any party affected had materially and substantially changed since the entry of the original decree; (2) retention of the present managing conservator would be injurious to the welfare of the child; or (3) the appointment of a new managing conservator would be a positive improvement for the child. By his seventh point of error, he contends there was no evidence that a modification of the prior order was in the best interests of the child. His eighth point of error asserts that the trial court erred in failing to file findings of fact and conclusions of law following proper request.

The modification order was signed by the trial judge on December 21, 1984. The appellant filed a motion for new trial, which was denied on January 31, 1985. On that same day, January 31, 1985, the appellant filed a request for findings of fact and conclusions of law. On March 5, 1985, the appellant filed a reminder to file findings of fact and conclusions of law.

■ Prior to April 1, 1984, a request for findings of fact was timely if filed within 10 days of an order overruling a motion for new trial. *See Ratcliff v. State Bar of Texas,* 673 S.W.2d 339, 341 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.). Effective April 1, 1984, Tex.R.Civ.P. 296 was changed to require the request to be filed within 10 days after the judgment is signed, regardless of whether a motion for new trial is also filed. The appellant was thus required to file his request for findings of fact within 10 days from December 21, 1984, and the court's action in failing to file findings and conclusions after appellant's late request was not improper. Appellant's eighth point of error is overruled.

In the absence of findings of fact, this court must presume that the trial court made all findings which are necessary to support its judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). To change the designation of managing conservator, the appellee in this case was required to prove:

(A) the circumstances of the child, managing conservator, possessory conservator, or other party affected by the order or decree have materially and substantially changed since the entry of the order or decree to be modified; and

(B) the retention of the present managing conservator would be injurious to the welfare of the child; and

(C) the appointment of the new managing conservator would be a positive improvement for the child.

Tex.Fam.Code Ann. sec. 14.08(c)(1) (Vernon Supp.1985). In addition, "[t]he best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child." Tex.Fam.Code Ann. sec. 14.- 07(a) (Vernon 1975).

■ The question of modification of the conservatorship of a child is addressed to the sound discretion of the trial court when it sits as a trier of fact, *Jeffers v. Wallace,* 615 S.W.2d 252, 253 (Tex.Civ.App.—Dallas 1981, no writ), so long as the standards of

section 14.08 are met. Tex.Fam.Code Ann. sec. 14.08(f) (Vernon Supp.1985). The trial court has wide latitude in determining what is in the best interests of a minor child, and will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982).

In determining whether to modify the designation of a managing conservator in a decree, the threshold inquiry is whether there has been a change in circumstances since entry of the decree. *Neal v. Neal*, 606 S.W.2d 729, 731 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). The change may be in the circumstances of the child, the managing conservator, the possessory conservator, or any party affected by the decree, but the change must be both substantial and material. Tex.Fam.Code Ann. sec. 14.08(c)(1)(A). Appellant contends this standard has not been met.

The divorce decree designated the mother and father as joint managing conservators, and specified that they take turns having possession of the child, each parent having alternate months. The child was eight months old when the divorce decree was signed. On the date of the modification hearing, the child was two years and seven months old. Increase in age alone is not a change in circumstance sufficient to justify modification of conservatorship. However, changed needs of the child may be such a circumstance. A small child's need for a dependable, secure, and stable environment may be different from that of a baby.

As a matter of practice, the parents themselves effectively modified the decree by agreement prior to the modification hearing. The decree ordered the parents to alternate months of possession, with each parent having two weekends of possession during his non-possessory month. Instead, during the father's month of possession, the child was passed from family member to family member, with possession resting with the child's mother as many as five days per week for about six hours per day. The cooperation among these family members was admirable, and we applaud the efforts of the mother and father to work together to make arrangements for the welfare of the child. However, we note that the modification order conforms more nearly to what the parents had been doing than does the original decree.

If the trial judge believed the mother's testimony, the father's time with the child during his possessory month usually consisted of weekends plus the night hours from about 8:00 or 9:00 p.m. to sometime before 5:00 a.m. The trial court was justified in deciding that it would be in the best interest of the child to have the child sleep during these weeknight hours. The new order gives the father two weekends per month plus certain other designated special days and vacation periods, and eliminates the need for continual late-night transfers of the child. The reasons for the rule requiring a material and substantial change in circumstances include not only the concept of res judicata, but also a recognition of the value of preserving stability in the child's environment. *Neal v. Neal*, 606 S.W.2d at 731. In the present case, stability is preserved by modifying the conservatorship. The trial judge did not abuse his discretion in impliedly finding that the circumstances of the child had materially and substantially changed.

The appellant also contends the evidence did not show that the retention of the present managing conservator would be injurious to the welfare of the child. In the months during which the appellant had possession of the child, the child's routine was either constantly interrupted, or no routine was established. Sometimes the child stayed with the appellant's sister, and sometimes with the appellant's mother. From one to five times a week, the appellee picked up the child to stay with her from two o'clock in the afternoon until the appellant came to get the child at night. This resulted in the child being awakened about nine o'clock on many nights to go home with the father, only to be transported elsewhere before five o'clock in the morning. The mother testified that the going

back and forth upsets the child. The trial judge could reasonably have found that the constant switching back and forth, and the constant change in the child's routine during the months the father had possession, would be injurious to the welfare of the child.

 The appellant contends further that the evidence did not show that the change in managing conservatorship would be a positive improvement for the child. Though the living arrangements of both parents require that the child be cared for by someone else during most of the day, the testimony shows that the mother has established a more dependable routine, and that the mother gets off work and can personally be with the child beginning at two o'clock in the afternoon. The trial judge could reasonably have found that a continuation of this routine, without constant switching back and forth, would be a positive improvement for the child.

Finally, the trial judge could reasonably have found that a modification allowing a stable and continuing routine for the child would be in the child's best interests. We find no abuse of discretion in the order modifying conservatorship. Appellant's points of error one through seven, all regarding no evidence and insufficient evidence, are overruled.

The judgment is affirmed.