**AFFIRMED; Opinion Filed December 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01210-CV

### IN THE INTEREST OF E.A.D.P., J.T.C.P. AND C.E.P., CHILDREN

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-55004-2010**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Appellant Mother appeals the trial court's modification order granting appellee Father the right to designate the primary residence of their children E.A.D.P., J.T.C.P., and C.E.P. In three issues, Mother asserts there was insufficient evidence for the trial court to conclude there had been a material and substantial change in circumstances of the parents or the children, there was insufficient evidence to support the trial court's conclusion that it was in the best interest of the children to change the designation of the parent with the exclusive right to designate the primary residence of the children, and the trial court abused its discretion when it changed the designation of the parent with the exclusive right to designate the primary residence of the children. We affirm the trial court's order.

## Background

Mother and Father were divorced in August 2011. In the final decree of divorce, Mother and Father were designated as the joint managing conservators of their three children, son E.A.D.P. born June 21, 2005, son J.T.C.P. born June 11, 2007, and daughter C.E.P. born October 27, 2008. In the decree of divorce it was ordered that Mother had the exclusive right to designate the primary residence of their children within Collin County and contiguous counties.

Father filed a petition to modify the parent-child relationship. Among other things, Father requested he be appointed the person with the exclusive right to designate the primary residence of the children.[1] Father asserted the modification would be in the best interest of the children and that the circumstances of a parent or the children had materially and substantially changed since the date of the decree of divorce.

Following an April 2015 bench trial, the trial court signed a July 2, 2015 order modifying the parent-child relationship. The trial court found the material allegations in Father's petition to modify were true and the requested modification was in the best interest of the children. The trial court granted Father's requested modification and ordered that Father shall have the exclusive right to designate the children's primary residence within Collin County and contiguous counties. The trial court further ordered that the children were to remain in the schools in which they were enrolled through the end of the school term, but at the conclusion of the school term, Father had the right to enroll the children in schools serving the area of his residence.

The trial court signed findings of fact and conclusions of law that included the finding that it was in the best interest of the children that Father have the right to designate the children's

---

[1] No other requested or actual modification made by the trial court, including the order that neither parent was to pay or was owed child support, is the subject of appeal by Mother, and we do not address them in this opinion.

primary residence. In additional findings of fact and conclusions of law, the trial court specifically made both findings of fact and conclusions of law that "[t]he circumstances of a child the subject of this suit, a conservator, or other party affected by the order" had materially and substantially changed and "[t]he requested and ordered modification is in the best interests of the children." Mother filed this appeal of the trial court's order modifying the decree of divorce to give Father the exclusive right to designate the primary residence of the children within Collin County and contiguous counties.

### Applicable Law and Standard of Review

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002 (West 2014). A judicial determination of the "best interest" of a child is "not dependent upon, or equivalent to, a finding that the child has been harmed by abuse or neglect or is in danger of such harm. Rather, 'best interest' is a term of art encompassing a much broader, facts-and-circumstances based evaluation that is accorded significant discretion." *In re Lee*, 411 S.W.3d 445, 460 (Tex. 2013) (orig. proceeding) (plurality op.); *see also In re D.W.*, 445 S.W.3d 913, 925 (Tex. App.—Dallas 2014, pet. denied).

As relevant here, a trial court may modify a conservatorship order only if the circumstances of a conservator or child have materially and substantially changed since the order was rendered and the change would be in the children's best interest. TEX. FAM. CODE ANN. § 156.101(a)(1) (West 2014). The party seeking modification bears the burden of establishing a material and substantial change in circumstances. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.) (op. on reh'g). "In considering whether a material and substantial change in circumstances has occurred, the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that

existed at the time of the hearing on the petition to modify." *In re H.N.T.*, 367 S.W.3d 901, 904 (Tex. App.—Dallas 2012, no pet.). Whether circumstances have materially and substantially changed is a fact-specific determination which is not guided by rigid rules, *Zeifman v. Michels*, 212 S.W.3d 582, 593 (Tex. App.—Austin 2006, pet. denied), and the trial court's determination must be made according to the "circumstances as they arise." *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The law does not prescribe any particular method for showing changed circumstances, which may be established by circumstantial evidence. *Id.* at 429.

As a general rule, we give wide latitude to a trial court's decision on custody, control, possession, and visitation matters. *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied). We will not disturb a trial court's decision on a motion to modify conservatorship unless the complaining party shows a clear abuse of discretion, meaning the trial court acted in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *Zeifman*, 212 S.W.3d at 587. "Per that standard, we cannot interfere with the decision so long as some evidence of a substantive and probative character supports it and the ruling comports with the law." *In re C.M.G.*, 339 S.W.3d 317, 319 (Tex. App.—Amarillo 2011, no pet.) (citing *In re C.R.O.*, 96 S.W.3d 442, 446 (Tex. App.—Amarillo 2002, pet. denied)). We ask first whether the trial court had sufficient information upon which to exercise its discretion and second whether it erred in applying its discretion. *Zeifman*, 212 S.W.3d at 588. Under an abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *See Flowers v. Flowers*, 407 S.W.3d 452, 457 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

"Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon questions." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991);

*see In re Davis*, 30 S.W.3d 609, 613 (Tex. App.—Texarkana 2000, no pet.). "The trial court's findings of fact are reviewable for legal (and factual) sufficiency of the evidence by the same standards as applied in reviewing the legal (and factual) sufficiency of the evidence supporting a jury's finding." *Anderson*, 806 S.W.2d at 794; *see In re Davis*, 30 S.W.3d at 613. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the trial court's judgment, disregarding all evidence and inferences to the contrary unless a reasonable factfinder could not do so. *City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005). Anything more than a scintilla of probative evidence is legally sufficient to support the trial court's finding. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied).

## Material and Substantial Change in Circumstances

In her first issue, Mother contends there was insufficient evidence to support the trial court's finding that the circumstances of a conservator or child had materially and substantially changed since the date of the decree of divorce.[2]

At the time of divorce, E.A.D.P., J.T.C.P., and C.E.P were six, four, and almost three years of age, respectively. At the time of the hearing, E.A.D.P., J.T.C.P., and C.E.P were almost nine, almost eight, and six and one-half years of age, respectively. From the time of the divorce until November 2013, Father and the children lived at the home of his mother. At the time of the hearing, Father had remarried. Father, his wife, and the children live in a three bedroom, two bath home in Melissa, Texas, at which E.A.D.P. and J.T.C.P share a bedroom, C.E.P. has her own bedroom, and Father and his wife share the master bedroom.

---

[2] Mother does not specify whether she is challenging the legal or factual sufficiency of the evidence in her first or second issues on appeal. However, she argues there is "no evidence" to support the trial court's finding of a material and substantial change in circumstances or that the modification of the parent with the exclusive right to designate the primary residence of the children was in the best interest of the children. Mother has not briefed any issue concerning factual sufficiency of the evidence. *See* TEX. R. APP. P. 38.1(h). Therefore, we construe Mother's arguments as raising a challenge to the legal sufficiency of the evidence to support the findings. Accordingly, we do not review the factual sufficiency of the evidence to support the findings. *See In re Dawson*, No. 13-02-138-CV, 2002 WL 34231215, at *3 n.1 (Tex. App.—Corpus Christi 2002, no pet.) (not designated for publication).

At the time of the divorce, Mother and the children lived in a one bedroom, one bath apartment. There, Mother slept in a bed, E.A.D.P. and J.T.C.P. slept in bunk beds, and C.E.P. slept in a "toddler bed." At the time of the hearing, Mother and the children lived in a motel suite with a bedroom area containing a double bed, a single bed, and a trundle bed. There, Mother and J.T.C.P. slept in the double bed, E.A.D.P. slept in the single bed, C.E.P. slept on the trundle bed, and Mother's nineteen-year-old son slept on the floor when he stayed there at the same time as E.A.D.P., J.T.C.P., and C.E.P.

At the hearing, the trial court heard testimony that Mother had told Father she was "getting kicked out" of the motel. Although Mother had told Father during months prior to the hearing that she was moving out of the motel and to a more permanent residence for the children, that had not occurred at the time of the hearing. The trial court also heard Father's testimony regarding his concern about the children's health, specifically that the children had head lice when they returned from time in Mother's possession.

A parent's remarriage and a change in home surroundings have been held to constitute a material change of circumstances justifying modification of conservatorship. *Arredondo v. Betancourt*, 383 S.W.3d 730, 734–35 Tex. App.—Houston [14th Dist.] 2012, no pet.); *In re A.L.E.*, 279 S.W.3d at 428–29 (non-exclusive list of material changes, as described by other courts, include marriage of one of the parties and change in home surroundings); *Zeifman*, 212 S.W.3d at 593 (evidence of parent's subsequent marriage to another after rendition of a divorce decree can constitute a relevant, material change of circumstances). Here, Father had remarried and had moved from his mother's home to a three bedroom, two bath home with a bedroom for E.A.D.P. and J.T.C.P. and a bedroom for C.E.P. Mother, on the other hand, had moved from an apartment to a motel suite that had one bedroom area. Further, the children are older than at the time of the divorce, and the sleeping arrangement in Mother's motel suite provides limited

sleeping space, especially when Mother's nineteen-year-old son stays at the motel with Mother and the children.

"Texas courts have expanded the list [of material changes] to include all aspects of a child's physical, mental, emotional and moral well-being[.]" *Snider v. Grey*, 688 S.W.2d 602, 606–07 (Tex. App.—Corpus Christi 1985, writ dism'd). While an increase in the age of a child alone may not be a change in circumstances sufficient to justify modification of conservatorship, changed needs of the child may constitute a material change of circumstances and a child's need for a dependable, secure, and stable environment may be different as the child grows older. *Randle v. Randle*, 700 S.W.2d 314, 316 (Tex. App.—Houston [1st Dist.] 1985, no writ); *see also In re Davis*, 30 S.W.3d at 614 (natural change that occurs between age one and age six, and the concomitant change in the scope of activities and the needs of the children involved are substantial changes in circumstances); *Horne v. Harwell*, 533 S.W.2d 450, 452 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.) (change in age of child, under circumstances contained in record, warranted modification of visitation order). At the time of the hearing on Father's petition to modify the parent-child relationship, the children were older than at the time of the divorce, and by virtue of their growth and maturity, there was a change in their needs for physical space that was better accommodated by Father's home.

Viewing the evidence in the light most favorable to the trial court's judgment and disregarding all evidence and inferences to the contrary, *City of Keller*, 168 S.W.3d at 810–11, there is more than a scintilla of substantive and probative evidence to support the trial court's finding that there had been a material and substantial change in circumstances of a conservator or child between the time of the divorce decree and the modification hearing. *See In re T.D.C.*, 91 S.W.3d at 872. There was legally sufficient evidence to support the trial court's finding that

there had been a material and substantial change in circumstances of a conservator or child, and we resolve Mother's first issue against her.

## Best Interest of the Children

In her second issue, Mother challenges the sufficiency of the evidence to support the trial court's finding that a change of the parent with the exclusive right to designate the children's primary residence was in the children's best interest. In determining the legal sufficiency of the evidence to support the trial court's conclusion that a change of the parent with the exclusive right to designate the children's primary residence was in the children's best interest, we may consider applicable factors from the non-exhaustive list set out in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976): (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by the individuals seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *See id*. at 371–72. Proof of best interest of a child is not limited to the *Holley* factors, nor do all of the factors apply in every case. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002) (list of *Holley* factors is non-exhaustive and some factors may not be applicable in a particular case); *see also In re S.A.H.*, 420 S.W.3d 911, 926 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (proof of best interest is not limited to the *Holley* factors, nor do all *Holley* factors apply in every case).

In this case, we address the *Holley* factors most relevant to the trial court's finding regarding the best interest of the children. The second, third, and seventh *Holley* factors address the present and future emotional and physical needs of the children and the stability of the home,

respectively. *See Holley*, 544 S.W.2d at 372. The need for stability and permanence is an important consideration when evaluating a child's present and future physical and emotional needs. *In re D.W.*, 445 S.W.3d at 926. At the time of the hearing, Mother and the children lived in a motel suite with a single bedroom area containing a double bed, a single bed, and a trundle bed. Mother and almost eight-year-old J.T.C.P. slept in the double bed, almost nine-year-old E.A.D.P. slept in the single bed, six-and-one-half-year-old C.E.P. slept on the trundle bed, and Mother's nineteen-year-old son slept on the floor when he stayed with them. Mother's ability to house the children was called into question by Father's testimony concerning Mother's statement that she was "getting kicked out" of the rented motel suite. In contrast, Father lived in a three bedroom, two bath home with a bedroom for E.A.D.P. and J.T.C.P. and a bedroom for C.E.P. Father's home provided the children greater physical space, comfort, permanence, and stability than Mother's motel suite. The trial court also heard Father's testimony regarding his concern about the children's health, specifically that the children had head lice when they returned from time in Mother's possession. Further, Father testified he planned to move within the McKinney school district in order to enroll C.E.P. in an elementary school catering to the needs of children with hearing impairment.

Viewing the evidence in the light most favorable to the trial court's judgment and disregarding all evidence and inferences to the contrary, *City of Keller*, 168 S.W.3d at 810–11, there was more than a scintilla of substantive and probative evidence supporting the trial court's finding that a change of the parent with the exclusive right to designate the children's primary residence was in the children's best interest. *See Holley*, 544 S.W.2d at 371–72. There was legally sufficient evidence to support the trial court's finding that modification of conservatorship was in the children's best interest, and we resolve Mother's second issue against her.

**Abuse of Discretion**

In her third issue, Mother asserts the trial court abused its discretion by modifying the divorce decree to designate Father as the parent having the exclusive right to designate the primary residence of the children. Under an abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *See Flowers*, 407 S.W.3d at 457. There is no abuse of discretion so long as some evidence of a substantive and probative character exists to support the trial court's exercise of its discretion. *Id*.; *Zeifman*, 212 S.W.3d at 587.

As set out above, there was more than a scintilla of substantive and probative evidence to support the trial court's findings that there had been a material and substantial change in circumstances of a conservator or child and that modification of the parent with the exclusive right to designate the children's primary residence was in the children's best interest. Accordingly, we conclude the trial court did not abuse its discretion by modifying the divorce decree to designate Father as the parent with the exclusive right to designate the children's primary residence. *See Flowers*, 407 S.W.3d at 457; *Zeifman*, 212 S.W.3d at 587. We resolve Mother's third issue against her.

**Conclusion**

We resolve Mother's issues against her and affirm the trial court's order.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

151210F.P05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF E.A.D.P., J.T.C.P. AND C.E.P., CHILDREN

No. 05-15-01210-CV

On Appeal from the 429th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 429-55004-2010.
Opinion delivered by Justice Fillmore, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Brian Daniel Proctor recover his costs of this appeal from appellant Sheridith Perry Proctor.

Judgment entered this 28th day of December, 2016.