**Affirmed and Opinion Filed November 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01175-CV

## IN THE INTEREST OF T.M.R. AND K.M.R., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-10796**

## MEMORANDUM OPINION
Before Justices Nowell, Miskel, and Breedlove
Opinion by Justice Nowell

Appellant is the paternal grandmother of T.M.R. and K.M.R. Appellees are the children's paternal grandfather and his wife. In May 2017, the trial court entered an Order on Suit for Harassment Including Permanent Injunction (the Injunction), in which it enjoined appellant from, among other things, communicating with the children or appellees.[1] In October 2021, appellant filed a petition to dissolve the Injunction, which appellees opposed. The case proceeded to a bench trial on August 22, 2023, and the trial court granted a directed verdict in favor of appellees. The trial court subsequently issued an order reflecting its ruling at trial and awarding

---

[1] Evidence at trial showed appellant violated the Injunction more than a dozen times.

$6,907.18 in attorney's fees to appellees. In two issues, appellant argues the trial court abused its discretion by failing to dissolve the Injunction and awarding attorney's fees. We affirm the trial court's August 22, 2023 Order on Petition to Modify Order.

## A.    Injunction[2]

A trial court may modify a permanent injunction upon a showing of changed circumstances. *BCH Dev., LLC v. Lakeview Heights Addition Prop. Owners' Ass'n*, No. 05-17-01096-CV, 2019 WL 2211479, at *4 (Tex. App.—Dallas May 21, 2019, pet. denied) (mem. op.) (citing *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex. 1991) (orig. proceeding) (per curiam)). "Changed circumstances are conditions that alter the status quo after the issuance of an injunction." *In re S.V.*, No. 05-18-00037-CV, 2019 WL 516730, at *7 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.) (citing *In re A.G.F.W.*, No. 06-12-00111-CV, 2013 WL 2459886, at *3 (Tex. App.—Texarkana Jun. 6, 2013, no pet.) (mem. op.)). The party seeking modification has the burden of demonstrating changed circumstances. *Id.* (citing *City of Seagoville v. Smith*, 695 S.W.2d 288, 289 (Tex. App.—Dallas 1985, no writ)); *see also BCH Dev.*, 2019 WL 2211479, at *4. We review the trial court's ruling on a requested modification for an abuse of discretion. *BCH Dev.*, 2019 WL 2211479, at *4. (citing

---

[2] We note that appellant's brief also attacks provisions of the Injunction itself. Questions about whether the trial court erred by granting the Injunction and the terms of the Injunction are beyond the scope of this appeal. When the appeal is from an order denying a motion to dissolve, and earlier orders granting injunctive relief were not appealed, we do not consider the propriety of the trial court's prior decision to grant injunctive relief. *In re Guardianship of Stokley*, No. 05-10-01660-CV, 2011 WL 4600428, at *2 (Tex. App.—Dallas Oct. 6, 2011, no pet.) (mem. op.)

*Schuring v. Fosters Mill Village Cmty. Ass'n*, 396 S.W.3d 73, 76 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)).

To carry her burden to show changed circumstances, appellant's only evidence was that the children were five years older at the time of trial than they were when the Injunction was granted. By arguing her evidence is sufficient, appellant essentially suggests we adopt a bright-line rule that a child becoming older is a changed circumstance for which a trial court should modify or dissolve an injunction. We decline to do so.

A child growing older can, under certain circumstances, warrant a finding of changed circumstances. *See generally In re C.H.C.*, 392 S.W.3d 347, 351 (Tex. App.—Dallas 2013, no pet.) (considering a change in circumstances with respect to a modification order). "[C]ourts have usually considered age when the child was an infant or toddler at the time of the original order and has aged several years at the time of modification." *Id.* (citing *Horne v. Harwell*, 533 S.W.2d 450, 452 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.) (concluding trial court properly found a material and substantial change in circumstance to modify possession when child was seventeen months old at time of divorce and over three years old when motion to modify was filed); *In re T.W.M.B.*, 04–96–00667–CV, 1998 WL 236320, at *2 (Tex. App.—San Antonio May 13, 1998, no pet.) (not designated for publication) (noting increase of child's age from seventeen months to five years old was a material and substantial change)). However, generally, increase in age alone is not a

changed circumstance unless changed needs are also shown. *See In re L.N.T.*, No. 05-23-00477-CV, 2024 WL 3451509, at *3 (Tex. App.—Dallas July 18, 2024, no pet.) (mem. op.) (citing *In. re C.R.G.*, No. 05-10-01472-CV, 2012 WL 3133785, at *4 (Tex. App.—Dallas Aug. 2, 2012, no pet.) (mem. op.)); *see also In re C.H.C.*, 392 S.W.3d 347, 351 (Tex. App.—Dallas 2013, no pet.); *Zeifman v. Michels*, 212 S.W.3d 582, 593 (Tex. App.—Austin 2006, pet. denied) (citing *Voros v. Turnage*, 856 S.W.2d 759, 762 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Randle v. Randle*, 700 S.W.2d 314, 316–17 (Tex. App.—Houston [1st Dist.] 1985, no writ)).

Appellant presented evidence of only one change with respect to the children: the children were eight years old when the Injunction was granted, and they were fourteen years old at the time of trial. The children were not infants when the Injunction was granted and no evidence of changed needs was shown. Based on this record, we cannot conclude the trial court abused its discretion by concluding appellant failed to carry her burden to show changed circumstances warranted dissolving or modifying the Injunction. We overrule appellant's first issue.

### B.    Attorney's Fees

In her second issue, appellant argues the trial court abused its discretion when it awarded attorney's fees to appellees because the evidence is insufficient to support the award. In Texas, each party generally must pay its own attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019). However, a trial court may award costs and reasonable attorney's fees and

expenses in a suit affecting the parent-child relationship. *See* TEX. FAM. CODE §§ 106.001, .002. We review an award of attorney's fees for an abuse of discretion. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

A party seeking attorney's fees "bears the burden of providing sufficient evidence" of both the reasonable hours worked and a reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 498. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* "General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* at 501. "Thus, a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id.* at 501–02. Contemporaneous billing records are not required to prove the requested fees are reasonable and necessary, but they "are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id.* at 502.

Appellant argues appellees' attorney-fee evidence is not sufficient to satisfy the *Rohrmoos* standard because appellees only presented redacted fee statements to support the award. Appellant ignores the fact that appellees' counsel testified at trial and was cross-examined by her counsel.

Appellees' counsel testified he charged $325 per hour, which was reasonable for the services performed by an attorney of his expertise. He also testified about his paralegals' and legal assistant's qualifications and rates and explained their rates were reasonable. The fee agreement between appellees and counsel was admitted along with counsel's curriculum vitae, redacted fee statements, and a summary of time spent on and expenses incurred in the matter. Counsel testified the total fees incurred at the time of trial were $10,575, which he believed were reasonable. On cross-examination, appellant's counsel asked appellees' counsel for additional information about work performed on specific dates when the fee statements were redacted, and the information was provided.

Based on all of the information provided, we conclude the trial court did not abuse its discretion by awarding attorney's fees in favor of appellees. We overrule appellant's second issue.

### C.    Conclusion

We affirm the trial court's August 22, 2023 Order on Petition to Modify Order.

231175f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF T.M.R.
AND K.M.R., CHILDREN

No. 05-23-01175-CV

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-09-10796.
Opinion delivered by Justice Nowell.
Justices Miskel and Breedlove
participating.

In accordance with this Court's opinion of this date, the trial court's August 22, 2023 Order on Petition to Modify Order is **AFFIRMED**.

It is **ORDERED** that appellees recover their costs of this appeal from appellant.

Judgment entered this 6th day of November, 2024.